UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SUSAN LEMKE,                                                    Case No. 19-cv-149

            Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC,

            Defendant.

## COMPLAINT

NOW COMES Plaintiff Susan Lemke, by and through her attorney, Nathan DeLadurantey of DeLadurantey Law Office, LLC and complains of Defendant Ocwen Loan Servicing, LLC, and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION

### Nature of the Action

1.      This lawsuit arises from the illegal collection attempts of Defendant.

2.      Causes of Action herein are brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

### Jurisdiction and Venue

3.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction under 15 U.S.C. § 1692 as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

6. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendant is subject to personal jurisdiction in Wisconsin, since they do business in Wisconsin.

## Parties

7. Plaintiff Susan Lemke (hereinafter "Ms. Lemke") is a natural person who resides in the County of Brown, State of Wisconsin.

8. Ms. Lemke is a "consumer" as defined by 15 U.S.C. §1962a(3).

9. Defendant Ocwen Loan Servicing, LLC ("Defendant Ocwen") is a company with a principal office address at 1661 Worthington Rd., Suite 100, West Palm Beach, FL 33409, and a registered agent office address at Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

10. Defendant Ocwen is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

## BACKGROUND

11. On March 5, 2013 Ms. Lemke filed for relief under Chapter 13 of the Bankruptcy Code (E.D. Wisconsin Case No. 13-22483).

12. Ms. Lemke disclosed that she owned a property subject to a first and second mortgage.

2

13.     At the time of filing, she listed a non-party (RBS Citizens) as being owed a debt related to a second residential home mortgage.

14.     Defendant was servicing that mortgage for the non-party, and received actual notice of the bankruptcy.

15.     The mortgage that Defendant was collecting upon for the non-party was in default at the time that Defendant filed Chapter 13 bankruptcy.

16.     The Plaintiff proposed to surrender the property in question back to the mortgagees as part of her original Chapter 13 plan, and that Plan was confirmed by the Bankruptcy Court in 2013.

17.      The mortgage that Defendant was collecting upon for the non-party reached full maturity during the Chapter 13 bankruptcy, and was fully due and owing in 2015.

18.     In 2017, the underlying (or first) mortgagee on the property obtained relief from the automatic stay in the Ms. Lemke's bankruptcy and proceeded to successfully complete a foreclosure action. This occurred during the pendency of the bankruptcy, and with the full permission of the bankruptcy court.

19.     Defendant received actual notice (and was in fact listed as a party) to the foreclosure action.

20.     Neither Defendant, nor the non-party (RBS Citizens) appeared at or contested the foreclosure.

21.     Plaintiff's bankruptcy was successfully completed and discharged on April 30, 2018.

22.     Defendant received actual notice of Plaintiff's bankruptcy discharge.

23.    Since that time, Defendant has engaged in repeated collection attempts directed at Plaintiff.

24.    The attempts have included repeated collection phone calls directed at Plaintiff, specifically to her cellular phone.

25.    If Defendant had any consent to call her cellular phone, that consent was revoked by the filing of bankruptcy and the later discharge order.

26.    Defendant Ocwen has repeatedly and persistently attempted to collect balances from Ms. Lemke that were discharged in bankruptcy.

27.    Defendant is prohibited under the Bankruptcy Code from engaging in these collection attempts.

28.    Plaintiff even had her lawyers send a "cease and desist" letter to Defendant. This letter did not deter Defendant, and the illegal collection attempts have continued unabated.

### Count 1 – Violations of the Fair Debt Collection Practices Act, (15 U.S.C. §1692)

29.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.    Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

31.    The foregoing acts of the Defendant Ocwen and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692e(14), 1692f, and 1692f(1), with respect to the Plaintiff.

32.    Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which they did when they tried to collect on an account that was discharged in a bankruptcy.

4

33.     Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which they did when they tried to collect on an account that was discharged in a bankruptcy.

34.     Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount which it is not authorized to collect, which Defendant did when they tried to collect on an account that was discharged in a bankruptcy.

35.     Plaintiff is in her late sixties and suffers from a heart condition and the Defendant's actions have at times exacerbated her condition. She has suffered actual damages as a result of Defendant's illegal collection communications in the form of anger, anxiety, emotional distress, humiliation, frustration, and other negative emotions.

36.     Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### Count 2 – Violation of the Telephone Consumer Protection Act (14 U.S.C. § 227 et seq.)

37.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     Within the four-year period immediately preceding this action, the Defendant Ocwen made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

5

39. The acts and or omissions of Defendant Ocwen at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

40. As a causally-direct and legally proximate results of the above violations of the TCPA and the C.F.R., Defendant Ocwen at all times material and relevant hereto, as described in this Complaint, cause Plaintiff to sustain damages.

41. Defendant Ocwen did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

42. Alternatively, if Defendant Ocwen had consent to call Plaintiff's cellular telephone, the calls continued after Plaintiff revoked that consent.

43. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

44. Defendant Ocwen willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

45. Plaintiff is entitled to injunctive relief prohibiting Defendant Ocwen from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a)

## **Trial by Jury**

Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Ms. Lemke prays that this Court will enter judgment against Defendant Ocwen as follows:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);
B. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

6

C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiff;

E. for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiff;

F. for an injunction prohibiting Defendant Ocwen from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

G. For such other and further relief as may be just and proper.


Dated this 28th day of January, 2019.


s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515; (414) 755-0860 - Fax
E: nathan@dela-law.com
*Attorneys for the Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Susan Lemke, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Susan Lemke